JUSTICE COTTER
dissents.
¶19 I dissent. I would conclude that the District Court erred in denying Minett’s motion to suppress his blood test results.
¶20 Minett’s violation occurred on March 27, 2011. As the Court indicates, the 2009 version of the law with respect to blood or breath tests for alcohol was in effect. Opinion, ¶ 9. Section 61-8-402(4), MCA (2009), provided that “[i]f an arrested person refuses to submit to one or more tests requested and designated by the officer as provided in subsection (2), the refused test or tests may not be given, but the officer shall ... immediately seize the person’s driver’s license.” The 2009 version of the law contained only one exception to this provision. Section 61-8-402(10), MCA (2009), provided: “This section does not apply to blood and breath tests, samples, and analyses used for purposes of medical treatment or care of an injured motorist or related to a lawful seizure for a suspected violation of an offense not in this part” (Emphasis added.) Here, as the Court indicates, the search warrant was issued based upon an affidavit of probable cause to believe that Minett was driving under the influence of alcohol. Opinion, ¶ 5. As Title 61, chapter 8, part 4, MCA (2009), specifically addresses “Driving Under Influence of Alcohol or Drugs,” the search warrant was thus issued for a suspected violation of an offense contained in this part, rendering the subsection (10) exception inapplicable. Notably, § 61-8-402, MCA (2009), contains not a single reference to a search warrant. ¶21 The foregoing statute underwent significant revision in 2011. A provision was added that permitted an officer to apply for a search warrant to collect a sample of a person’s blood for testing if the person refused to provide a breath, blood, or urine sample and previously refused the same test in a prior investigation, or has a prior conviction or pending offense for related violations in this or another jurisdiction. See § 61-8-402(5), MCA (2013). Moreover, § 61-8-402(11), MCA (2013), now reads as follows: “This section does not apply to tests, samples, and analyses of blood or breath used for purposes of medical treatment or care of an injured motorist, related to a lawful seizure for a suspected violation of an offense not in this part, or performed pursuant to a search warrant.” (Emphasis added.)
¶22 As noted by Minett on appeal, the 2011 Legislature amended the *266 foregoing statute out of concern that a “loophole” existed under subsection (4) of the statute, precluding the issuance of blood draw search warrants for suspected DUIs, because once tests were refused, “the refused test or tests may not be given.” Section 61-8-402(4), MCA (2009); Hearing on S.B. 42 Before the Mont. Sen. Jud. Comm., 62nd Leg., Reg. Sess. 00:43:37-01:22:19 (Jan. 20,2011); Hearing on S.B. 42 Before the Mont. House Jud. Comm., 62nd Leg., Reg. Sess. 00:58:22-01:24:53 (Mar. 17, 2011). “The legislature does not perform useless acts.” Kish v. Mont. State Prison, 161 Mont. 297, 301, 505 P.2d 891, 893 (1973). Because the 2009 version of § 61-8-402, MCA, contained a categorical statement that any refused tests could not be given — and made no exception for search warrants — the Legislature logically and necessarily closed this loophole in the 2011 statute.
¶23 The Court reasons that there is nothing in the 2009 version of the statute prohibiting an officer from obtaining a search warrant for blood-alcohol testing. I respectfully disagree. The statute provides that if a person has refused to submit to the tests requested by the officer, “the refused test or tests may not be given.” Section 61-8-402(4), MCA (2009). There is no exception for a warrant. In fact, we acknowledged this point just a few short months ago in State v. Giacomini, 2014 MT 93, 374 Mont. 412, 327 P.3d 1054, in which we stated: “Prior to 2011, this statute did not permit law enforcement to apply for a search warrant in DUX cases if an arrested person refused to submit to BAC testing.” Giacomini, ¶ 10.
¶24 It is not the province of this Court to insert into a statute language that has been omitted. Section 1-2-101, MCA; State v. Cooksey, 2012 MT 226, ¶ 32, 366 Mont. 346, 286 P.3d 1174. Because the 2009 version of the statute categorically precluded the refused tests from being given, without any exception for a search warrant, I would conclude that the District Court erred in denying Minett’s motion to suppress. I therefore dissent.